**Asad El–Amin MUJIHADEEN, also known as Ronald Turks, Plaintiff–Appellant,**

v.

**TENNESSEE BOARD OF PAROLE & MEMBERS, et al., Defendants– Appellees.**

No. 03–5306.

United States Court of Appeals, Sixth Circuit.

Oct. 23, 2003.

Before MARTIN and SUTTON, Circuit

Judges; and MILLS, District Judge.*

## ORDER

Asad El–Amin Mujihadeen, a.k.a. Ronald Turks, a Tennessee prisoner proceeding pro se, appeals the district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking declaratory and injunctive relief, Mujihadeen sued the Tennessee Board of Parole (Board), and Board members Charles Traughber, Bill Dalton, Ray Maples, Shelia Swaringen, William T. Anderson, and Larry Hassell. In his fee-paid complaint and amended complaint, Mujihadeen alleged that the defendants violated his rights under the Fifth, Eighth and Fourteenth Amendments when they granted parole to "death row lifers" but denied parole to him and other "non-death row lifers." Mujihadeen used the term death row lifers to refer to prisoners who had their death sentences commuted to life or ninety-nine years because of constitutional flaws in the sentencing statutes, and non-death row lifers to refer to prisoners who were sentenced to life or ninety-nine years as a result of guilty pleas or jury verdicts. The district court screened the complaint and dismissed it under a provision of the Prison Litigation Reform Act (PLRA). See 28 U.S.C. § 1915A. The court held that § 1983 was not the proper remedy to challenge the denial of parole, that Mujihadeen had no due process liberty interest in parole, and that Mujihadeen could not establish an equal protection claim.

On appeal, Mujihadeen argues that: (1) his claims were cognizable under § 1983; (2) he stated an equal protection claim because similarly situated inmates are treated differently in the application of the "seriousness of the offense" criteria; and (3) the court erred in not finding an ex post facto claim or making the necessary analysis under *Calif. Dept. of Corr. v. Morales*, 514 U.S. 499, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995).

This court reviews de novo a district court's decision to dismiss under 28 U.S.C. § 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). The PLRA requires district courts to screen and dismiss prisoner complaints that are frivolous, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Upon review, we vacate and remand the district court's decision. In *Dotson v. Wilkinson*, 329 F.3d 463 (6th Cir.2003) (en banc), this court examined conflicting decisions concerning what kind of challenges to parole decisions can be brought under 42 U.S.C. § 1983. The *Dotson* court concluded that: "where a prisoner does not claim immediate entitlement to parole or seek a shorter sentence but instead lodges a challenge to the procedures used during the parole process as generally improper or improper as applied in his case, and that challenge will at best result in a new discretionary hearing the outcome of which cannot be predicted, we hold such a challenge cognizable under section 1983." *Id.* at 472. Because the district court reached its decision without the benefit of the *Dotson* opinion, we remand the case in order

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

for the district court to consider Mujihadeen's complaint under this standard.

For the foregoing reasons, we vacate the district court's order, and remand the case for further consideration in light of *Dotson.* Rule 34(j)(2)(C), Rules of the Sixth Circuit.